**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-649 |
| | § | |
| SYLVIA HILL, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION TO COMPEL**

Pending before the Court is Defendant Sylvia Hill's "Motion to Compel," received by the Clerk on July 18, 2007. (D.E. 38.) In it, Hill asks that the Court compel the government to move under Rule 35 for a reduction in her sentence based on substantial assistance. She claims that "the prosecutor offered at sentencing to drop two levels based on her substantial assistance" and implicitly claims that the government did not do so. (DE. 38 at 1.)

Hill's sentencing guideline range was 24 to 30 months, and the government moved at sentencing for a downward departure based on her substantial assistance, asking for a reduction of two levels in her offense level. (Digital Recording of February 7, 2007 Sentencing ("S. Rec.") at 10:16.) The guideline range with a two-level departure was 18 to 24 months, and both the government and defense counsel recommended a sentence at the lowest end of the resulting guideline range, i.e. 18 months. (S. Rec. at 10:16-10:17.) After considering the factors in 18 U.S.C. § 3553(a), the Court imposed a sentence of 20 months. (S. Rec. at 10:24.)

Thus, although Hill wants the Court to require the government to move for a substantial assistance reduction, the government has already done so, and Hill has already benefitted from that

1

motion. Moreover, this Court may only reduce Hill's sentence under Rule 35 based on substantial assistance if the government requests that the Court do so. Rule 35 allows a reduction in sentence upon the motion of the government and generally must be brought within one year of a defendant's conviction. Fed. R. Crim. P. 35(b). Although it sought such relief at sentencing, the government has not moved for any additional reduction for substantial assistance since sentencing, nor has Hill alleged or shown any entitlement to any further reduction.

For the foregoing reasons, Hill's motion to compel (D.E. 38) is DENIED.

It is so ORDERED this 23rd day of July, 2007.

_____
Janis Graham Jack
United States District Judge