IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-649 |
| | § | |
| SYLVIA HILL, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION FOR REDUCED SENTENCE**

Pending before the Court is a *pro se* motion filed by Defendant Sylvia Hill ("Hill"), which she titled as a "Rehabilitation Motion." (D.E. 40.) In it, Hill describes her rehabilitation while incarcerated and requests that the Court modify her sentence to allow her to serve the remainder of her sentence on home confinement or probation. (D.E. 40 at 1.) She explains that two of her children have been "turned over to the custody of someone beside [her] or [her] husband" and that she is concerned about those children being separated from the rest of the family, especially during the upcoming holidays. (D.E. 40 at 1.)

The Court construes Hill's motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582. As the Court noted in a prior order denying another motion for reduction of sentence filed by Hill (see D.E. 37, denying D.E. 36), § 3582 allows a court to reduce a defendant's sentence only in certain limited circumstances, none of which are present here.

Specifically, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the

Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Hill fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter her sentence.

Moreover, while the Court can make recommendations regarding the placement and transfer of prisoners in the custody of the Bureau of Prisons, the decision of an offender's placement is ultimately a decision to be made by the BOP, in its discretion. Thus, her request for placement on home confinement is not properly addressed to this Court. Indeed, in United States v. Sneed, 63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement. It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6. Thus, it is the BOP's decision as to whether or not to place Hill on home confinement, not this Court's.

## **CONCLUSION**

For the foregoing reasons, Hill's motion to serve the remainder of her sentence on home confinement or probation is hereby construed as a motion to reduce sentence (D.E. 40) and is DENIED.

ORDERED this 6th day of November, 2007.

_____
Janis Graham Jack
United States District Judge